United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLEXTRONICS INTERNATIONAL EUROPE B.V.,

Petitioner,

v.

LIGHTSPEED MANUFACTURING COMPANY, LLC,

Respondent.

Case No. 26-cv-08786-TSH

**ORDER GRANTING MOTION FOR ORDER DIRECTING THE U.S. MARSHALS SERVICE TO EFFECT SERVICE OF PROCESS**

Re: Dkt. No. 16

## I. INTRODUCTION

Petitioner Flextronics International Europe B.V. seeks confirmation of a July 6, 2026 arbitration award under Chapter 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 201-08, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Second Corrected Petition (Pet.), ECF No. 8. Flex now moves for an order directing the United States Marshals Service (USMS) to serve notice of its confirmation application on Respondent Lightspeed Manufacturing Company, LLC at its address in the District of Massachusetts or, alternatively, for approval of a different service method. ECF No. 16. Lightspeed has not been served and has not appeared, and the motion is therefore unopposed. The Court finds the matter suitable for disposition without oral argument and **VACATES** the October 15, 2026 hearing. *See* Civil L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.

## II. BACKGROUND

Flex is a Netherlands corporation with its principal place of business at Nobelstraat 10-14, 5807 GA in Oostrum, Netherlands. Pet. ¶ 11. Lightspeed is a Massachusetts limited liability company with a stated principal place of business at 63 Neck Road, Haverhill, Massachusetts

01835. *Id.* ¶ 12; Walsh Decl. ¶¶ 2, 6, ECF No. 16-1. According to counsel's declaration describing the Massachusetts Secretary of the Commonwealth's listing, Richard A. Breault, Jr. is Lightspeed's registered agent for service at the same address. Walsh Decl. ¶¶ 3–4.

Flex and Lightspeed were parties to a series of purchase order agreements and an amendment to those agreements. Pet. ¶ 3 & Ex. B. Paragraph 8 of the amendment provides that disputes arising under the purchase orders shall be settled before JAMS, designates San Jose, California as the mandatory site for arbitration, selects California law, requires the parties to share arbitration costs equally, and authorizes the arbitrator to award legal fees and costs to the prevailing party. *Id.*, Ex. B ¶ 8.

Flex initiated a JAMS arbitration in October 2025, asserting that Lightspeed failed to pay five invoices totaling $185,870.16. *Id.* ¶ 4 & Ex. C. JAMS appointed an arbitrator on January 14, 2026, and the arbitration proceeded under the JAMS International Arbitration Rules and Procedures. *Id.* ¶ 5 & Exs. D-E. Flex represents that Lightspeed received notice of the demand and of the hearings but declined to participate, and that the arbitrator proceeded under JAMS Article 23.5[1] after an evidentiary hearing at which Flex submitted documentary evidence and witness testimony. *Id.* ¶¶ 7-8.

The arbitrator issued a final award dated July 6, 2026 in JAMS International Arbitration Case No. 5100003551, awarding Flex $304,190.95 in damages, fees, costs, and interest. Pet. ¶ 9 & Ex. A; Walsh Decl. ¶ 1. The award states that it was made in San Francisco, California, within this District. Pet., Ex. A at 6; Walsh Decl. ¶ 7. Flex represents that it gave Lightspeed an opportunity to satisfy the award on July 17, 2026, but it received no response. Pet. ¶ 10.

Flex filed its initial petition on August 21, 2026 (ECF No. 1), a corrected petition on August 24, 2026 (ECF No. 7), and the operative second corrected petition on August 28, 2026 (ECF No. 8). Flex filed the present motion on September 10, 2026.

## III. LEGAL STANDARD

In general, Federal Rule of Civil Procedure 4 governs service of summons and a complaint

[1] Article 23.5 provides: "If any of the parties, without valid excuse, fails to appear although duly summoned, the Tribunal will have the power to proceed with the hearing." *Id.*, Ex. A at 2–3.

in federal district court. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2004). However, this case concerns the service of a prevailing party's notice of a petition to confirm an arbitration award under the FAA. Federal Rule of Civil Procedure 81(a)(6)(B) makes the Federal Rules applicable to FAA proceedings except to the extent the FAA supplies another procedure.

Regarding service, Section 6 of the FAA provides: "Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. Rule 5 ordinarily addresses service of motions and notices. Fed. R. Civ. P. 5(a)(1)(D)–(E). However, Section 9 of the FAA (which applies here under Fed. R. Civ. P. 81) provides:

> Notice of the application [to confirm an arbitral award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. **If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.**

9 U.S.C. § 9 (emphasis added); *see also Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 828-29 (9th Cir.), *cert. denied,* 145 S. Ct. 158 (2024).

## IV. DISCUSSION

Here, the award identifies San Francisco as the place where it was made. Pet., Ex. A at 6. Although the parties' amendment designates San Jose as the arbitration site, both locations are within this District. Pet., Ex. B ¶ 8. Lightspeed's documented principal place of business and registered-agent address are in Haverhill, Massachusetts, outside this District and within the District of Massachusetts. Pet. ¶ 12; Walsh Decl. ¶¶ 2–4, 6. Accordingly, on this record Lightspeed is a nonresident of the district where the award was made and is identifiable for service within a United States judicial district. Section 9's marshal-service procedure therefore does not conflict with Chapter 2 in the manner addressed in *Voltage Pictures*. *See* 9 U.S.C. §§ 9, 208; *Voltage Pictures*, 92 F.4th at 828–30.

As noted above, the FAA and Ninth Circuit case law require notice of an application to

confirm an arbitration award to be served by the USMS where the adverse party is a nonresident of the district within which the award was made. *See* 9 U.S.C. § 9; *Voltage Pictures, LLC*, 92 F.4th at 828–29. Thus, service on Lightspeed, as required by Section 9 of the FAA, is properly effected by the USMS. *See Stripe, LLC v. Hardbody Supplements, Inc.*, 2026 WL 2098721, at *3 (N.D. Cal. July 21, 2026) (granting motion for order directing service by the USMS where the arbitration award was made in San Francisco and respondents were nonresidents).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Flex's motion for service through the USMS and **ORDERS**:

1. The United States Marshal for the District of Massachusetts is **DIRECTED** to serve Lightspeed Manufacturing Company, LLC with the documents specified below. Service shall be attempted by personal delivery to its reported registered agent, Richard A. Breault, Jr., at 63 Neck Road, Haverhill, Massachusetts 01835. The Marshal may use any other method consistent with 9 U.S.C. § 9 and applicable law, but this Order does not independently authorize service by mail or electronic means.

2. Flex shall promptly provide the United States Marshal for the District of Massachusetts a completed Form USM-285 identifying Lightspeed and the registered agent; a copy of this Order; notice of the application to confirm the award and the complete operative Second Corrected Petition, including its exhibits (ECF No. 8); the summons (ECF No. 5); and any applicable supplementary material required by Civil Local Rule 4-2. Flex shall coordinate with the Marshal concerning submission requirements and prepay estimated service fees and expenses as required. *See* 28 U.S.C. § 1921; 28 C.F.R. § 0.114; Civ. L.R. 54-3(a)(2).

3. Within 30 days after the date of this Order, Flex shall file proof of completed service or a status report identifying the steps taken, the Marshal's response, and any obstacles. If service cannot be completed, Flex may seek further relief identifying the unsuccessful efforts and a specifically proposed method of service. Nothing in this Order determines the sufficiency of any future service.

4. Flex's alternative request that the Court authorize service under Federal Rule of Civil

United States District Court
Northern District of California

Procedure 4(h) or otherwise approve and specify another method of service is **DENIED WITHOUT PREJUDICE** to renewal under Paragraph 3 if the Marshal is unable to complete service.

**IT IS SO ORDERED.**

Dated: September 24, 2026

THOMAS S. HIXSON
United States Magistrate Judge